Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Derek Ausseresses**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Pride Security LLC**, an Arizona company; **Roy Gartley** an Alabama resident; and **Gillian Bernheim** an Alabama resident;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br><br>**(Jury Trial Requested)** |

Plaintiff Derek Ausseresses ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendants Pride Security LLC, ("**Pride Security**"); Roy Gartley; and Gillian Bernheim (**"Defendants"**), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and/or former security guards (or similar titled) employed by Defendants.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff brings this action on behalf of himself and all other similarly situated Collective Members who were not fully compensated for their overtime wages.

3. Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## **JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

9. At all relevant times to the matters alleged herein, Plaintiff Derek Ausseresses resided in the District of Arizona.

10. At all relevant times to the matters alleged herein, Plaintiff Derek Ausseresses was a full-time employee of Defendants from in or around March 2020, to on or around January 31, 2023 ("**all relevant times**").

11. At all relevant times to the matters alleged herein, Plaintiff Derek Ausseresses was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times to the matters alleged herein, Plaintiff Derek Ausseresses was a non-exempt employee of Defendants.

13. Defendant Pride Security is a company authorized to do business in Arizona.

14. Defendant Pride Security was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Roy Gartley is an Alabama resident.

16. Defendant Roy Gartley directly caused events to take place, giving rise to this action.

17. Defendant Roy Gartley was/is an owner of Pride Security.

18. Defendant Roy Gartley was/is an employer of Pride Security.

19. Defendant Roy Gartley was/is a member of Pride Security.

20. Defendant Roy Gartley has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21. Defendant Roy Gartley had/has significant ownership interest in Pride Security.

22. Defendant Roy Gartley had operational control in Pride Security.

23. Defendant Roy Gartley had significant day-to-day functions for Pride Security.

24. Defendant Roy Gartley had the power to hire and/or fire Plaintiff Derek Ausseresses.

25. On or around March 2020, Defendant Roy Gartley hired Plaintiff Derek Ausseresses.

26. Defendant Roy Gartley had the power to hire and/or fire employees.

27. Defendant Roy Gartley supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff employment.

28. Defendant Roy Gartley gave instructions for where employees would be stationed.

29. Defendant Roy Gartley determined the rate and method of Plaintiff's payment of wages.

30. Defendant Roy Gartley approved payroll.

31. Defendant Roy Gartley would use CashApp to pay Plaintiff his wages.

32. Defendant Roy Gartley maintained employment records.

33. Defendant Roy Gartley has possession and/or control of Plaintiff's payroll records.

34. Plaintiff would report any incidents on jobsites to Defendant Roy Gartley.

35. Plaintiff would sign out with Defendant Roy Gartley after his shifts.

36. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Roy Gartley is subject to individual and personal liability under the FLSA.

37. Defendant Gillian Bernheim is an Alabama resident.

38. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Gillian Bernheim and Defendant Roy Gartley were legally married.

39. Defendant Gillian Bernheim and Defendant Roy Gartley have caused events to take place giving rise to this action as to which their marital community is fully liable.

40. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

41. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

42. Defendants, and each of them, are sued in both their individual and corporate capacities.

43. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

44. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

45. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

46. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

47. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

48. At all relevant times, Plaintiff was engaged in commerce or the production of goods for commerce.

49. At all relevant times, Plaintiff, in his work for Defendants, were engaged in interstate commerce.

50. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

51. Plaintiff used the telephone to communicate with Defendants.

52. Plaintiff is a covered employee under individual coverage.

53. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF AUSSERESSES**

54. The entity Defendant is/was a security company.

55. On or around March 2020, Plaintiff Derek Ausseresses commenced employment with Defendants as a security guard.

56. Plaintiff's primary job duties included patrolling properties that were being developed.

57. Plaintiff Derek Ausseresses's regular rate of pay was $16.00 an hour.

58. Plaintiff Derek Ausseresses routinely worked in excess of 40 hours per week.

59. Defendants paid Plaintiff straight time for all hours worked over 40 hours.

60. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

61.  For example, during the two-week pay period of December 10, 2021, Plaintiff Derek Ausseresses estimates that he worked 131.25 hours and did not receive overtime pay.

62.  At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

63.  Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

64.  Defendants required Plaintiff to work overtime as a condition of his employment.

65.  Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

66.  Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

67.  Defendants did not pay employer taxes on Plaintiff's wages.

68.  Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

69.  Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

70.  Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

71.  Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

73. The proposed collective class for the FLSA claim is defined as follows:

**All security guards (or similar job titled); who work[ed] for Defendant Pride Security and/or Roy Gartley within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee; who worked on an hourly basis; who did not receive overtime compensation are known as (the "Collective Members").**

74. Plaintiff has given his written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

75. Plaintiff's signed consent form is attached as **"Exhibit 1".**

76. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

77. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.

78. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

79. Defendants paid Plaintiff and the Collective Members an hourly rate.

80. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendants with overtime pay for all hours they worked over forty in a given workweek.

81. The Collective Members perform or have performed the same or similar work as Plaintiff.

82. Plaintiff and the Collective Members were only paid straight time for all hours worked over 40 in a given workweek.

83. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime pay.

84. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

85. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

86. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

87. Notice of this action should be sent to all similarly situated employees.

88. There are numerous similarly situated employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

89. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

# COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

90. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

92. While employed by Defendants, Plaintiff and the Collective Members worked numerous hours of overtime that Defendants did not pay.

93. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

94. Defendants further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

95. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

96. As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

97. Plaintiff and the Collective Members are therefore entitled to compensation

of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    For the Court to declare and find that Defendants committed one or more of the following acts:

        i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

        ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective

Members and for the risks he took in doing so; and

G.    Such other relief as this Court shall deem just and proper;

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 20, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff