Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Derek Ausseresses**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Pride Security LLC**, an Arizona company; **Roy Gartley** an Alabama resident; and **Gillian Bernheim** an Alabama resident;<br><br>Defendants. | Case No. **2:23-CV-02662-ROS**<br><br>**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**(Assigned to the Hon. Roslyn O. Silver)** |

Pursuant to F.R.Civ.P. 55 and the Court's Order Dkt (11), Plaintiff respectfully requests that the Court enter judgment by default against Defendants, jointly and severally.

**I.    Procedural History**

1.    The Summons and Complaint were filed on December 20, 2023.  (Dkts. 1, 2).

2.    Defendants were served by a private process server on January 2, 2024. (Dkts. 5, 6, 7).

3.    An Answer to the complaint from Defendants was due on January 23, 2024.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

4.    Plaintiff filed an Application for Entry of Default on January 24, 2024. (Dkt. 10).

5.    The Clerk entered default against Defendants on January 25, 2024. (Dkt. 11).

6.    In support of this request, Plaintiff relies upon the record in this case and the attached affidavit.

## II.    Argument

### A. Standards for Default Judgment

F.R.Civ.P. 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Once a party has been defaulted, a court may enter a default judgment. F.R.Civ.P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-918, (9th Cir. 1087).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  F.R.Civ.P. 55(b)(2).

### B. Plaintiff has met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the

WEILER LAW PLLC
5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1. Possibility of prejudice to the Plaintiff

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims, and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388,392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint. A default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp. 2d at 1176.

In Plaintiff's affidavit (hereinafter "**Exhibit A**"), he declares and estimates that he is owed $5,705.35 in unpaid overtime wages. *Id*. at ¶ 13. He calculated this number by a

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

simple backwards math equation using his old pay records. *Id*. at ¶ 8 - 12. Under the FLSA, he is also owed liquidated damages to equal a total amount due of $11,410.70. *Id*. at ¶ 14.

As this amount is not relatively high, this factor weighs in favor of default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D. Cal. Jan. 16, 2009). The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel* at 1471-1472. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Defendants received actual notice of the lawsuit filed against them. Defendants were served by a private process server on January 2, 2024. (Dkts. 5, 6, 7).

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id*.

WEILER LAW PLLC
5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

As Defendants have had time to appear in this lawsuit, they cannot plausibly make an argument that a decision on the merits is credible at this point.  Defendants were served and have decided not to respond to the Complaint.  Plaintiff has met the *Eitel* factors for default judgment.

**C. Plaintiff is Entitled and Moves for Damages Under the Failure to Pay Overtime – FLSA**

"The elements of an FLSA claim are: 1) plaintiff was employed by defendant during the relevant period; 2) plaintiff was [a covered employee]; and 3) the defendant failed to pay plaintiff minimum wage and/or overtime pay." *Quinonez v. Reliable Auto Glass, LLC*, 2012 U.S. Dist. LEXIS 95624, *3-4); see also 29 U.S.C. § 207(a).

**First Element**

Plaintiff's Complaint at Dkt. 1 ("**Complaint**") at ¶ 10: At all relevant times to the matters alleged herein, Plaintiff Derek Ausseresses was a full-time employee of Defendants from in or around March 2020, to on or around January 31, 2023 ("**all relevant times**").

Complaint at ¶ 11 - 43 has addition allegations to support this element.

**Second Element**

Complaint at ¶ 44 - 47: Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020 - 2023.

Complaint at ¶ 48 – 53 has addition allegations to support this element.

**Third Element**

Complaint at ¶ 58: Plaintiff Derek Ausseresses routinely worked in excess of 40 hours per week.

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Complaint at ¶ 59: Defendants paid Plaintiff straight time for all hours worked over 40 hours.

Complaint at ¶ 60:  Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

Complaint at ¶ 61 – 65 has addition allegations to support this element.

In Plaintiff's affidavit, he estimates that he is owed $5,705.35 in overtime wages. He is then owed liquidated damages pursuant to the FLSA.  *See* Exhibit A at ¶ 13, 14.

Under 29 U.S.C. § 216(b) of the FLSA, an employer who violates the FLSA is liable not only for the unpaid compensation but also in an additional equal amount as liquidated damages.  *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 919–20 (9th Cir. 2003).

Plaintiff has therefore alleged facts to state a claim in which he may recover damages.  See *Televideo Sys.*, 826 F.2d at 917-918.

Therefore, Plaintiff is entitled to **$11,410.70** under Count I.

**D.  Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

Furthermore, Plaintiff is entitled to his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).  "In actions under the FLSA, employers who violate the [the Act] in addition to any judgment awarded to the plaintiff, be liable for reasonable attorneys' fees of the action." 29 U.S.C. §216(b).  The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *Orozco v. Borenstein*, No. CV 11-02305- PHX-FJM (D. Ariz. Feb. 20, 2013).  As this district and the 9th Circuit have made abundantly clear: "It is not only appropriate to award fees to a successful plaintiff, it is mandatory." *Orozco* at 3; See also: *Houser v. Matson*, 447 F.2d 860 (9th Cir. 1971).

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

If the Court enters default judgment, Plaintiff will satisfy the prevailing party/judgment analysis under 29 U.S.C. § 216(b) and is therefore entitled to his attorneys' fees and costs.

In a previous default case in front of Judge Bolton, she ordered that, "[t]he Court has reviewed Plaintiff's Application for Entry of Default Judgment Against Defendants. The proposed default judgment awards attorneys' fees for a motion to be filed at a later date. This Court prefers to consider the amount of fees to be awarded at the time of entry of default judgment." See *Vega v. Fine Food Incorporated et al* – No. 2:23-cv-01682-SRB, Dkt. 17. Therefore, Plaintiff will file his motion for attorneys' fees and costs simultaneous with this instant motion. If this is not the preference of this Court, Plaintiff will re-file once he receives a judgment.

## III. Conclusion

Based on the foregoing arguments, calculations, affidavit, and the pleadings of record, Plaintiff respectfully requests that the Court enter judgment against all Defendants, jointly and severally, in favor of the Plaintiff in the amount of **$11,410.70**.

In addition, Plaintiff respectfully requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C. § 1961.

RESPECTFULLY SUBMITTED January 30, 2024.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System and to the following via US and electronic mail:

Roy Gartley
Gillian Bernheim
Pride Security LLC
10999 Winning Colors Trail
Daphne, AL 36526
pridesecurityaz@hotmail.com
gbernheim@msn.com

By: /s/ Ashley Peschke