**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Ausseresses, | No. CV-23-02662-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Pride Security LLC, et al., | |
| Defendants. | |

Plaintiff worked for Defendant Pride Security LLC from March 2020 through January 2023. During his employment, Plaintiff's rate of pay was $16 per hour and he "routinely worked in excess of 40 hours per week." (Doc. 1 at 6). Despite working more than 40 hours per week, Plaintiff did not receive the "one and one-half times pay premium" required by the Fair Labor Standards Act ("FLSA"). (Doc. 1 at 6). Plaintiff filed this suit to recover his unpaid overtime wages.

Plaintiff's complaint identifies three defendants: Pride Security, Roy Gartley, and Gillian Bernheim. The two individuals are husband and wife. Roy Gartley was the owner of Pride Security with complete operational control over that entity.[1] Roy Gartley also controlled all aspects of Plaintiff's work such that Roy Gartley was an "employer" under the FLSA subject to individual liability. *See, e.g.*, *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) ("Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an

---
[1] It appears Gillian Bernheim is named as a defendant solely to ensure any community property can be reached.

employer within the meaning of the Act, and is subject to liability.").

Plaintiff served the complaint and summons on the three defendants.[2] (Doc. 5, 6, 7). No defendant responded to the complaint and the Clerk of Court entered their defaults. (Doc. 11). Plaintiff then filed a motion for default judgment, seeking judgment in the amount of $11,410.70. (Doc. 12). Plaintiff also filed a motion for attorneys' fees, seeking $4,336.39. (Doc. 13).

In determining whether to enter default judgment, district courts routinely analyze the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Those factors are: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* These factors first appeared in a case where a defendant had appeared and wished to defend against the claims. Thus, most of these factors do not provide meaningful guidance in situations such as the present where no defendant has appeared.

The factors were established in *Eitel*, a case involving a plaintiff who filed a complaint and, after the defendant did not file a timely response, the plaintiff filed a motion for default judgment. *Id.* at 1471. One week after that motion was filed, the defendant filed an answer and counterclaim. The following day the defendant filed a motion to strike the motion for default judgment. *Id.* Based on this sequence of events, the district court denied the motion for default judgment. The district court also dismissed the plaintiff's complaint for reasons irrelevant to the default judgment issue. The plaintiff then appealed, arguing the district court had erred in refusing to enter default judgment.

The factual situation in *Eitel* meant the district court knew the defendant's failure to

---

[2] Two of the proofs of service appear to contain typographical errors because they state the process server received the summons on "5/26/23." (Doc. 5, 6). The complaint was not filed until December 20, 2023. The other proof of summons, served on the same date, indicates the process server received that summons on December 26, 2023.

file a timely answer had caused a very minor delay. The district court also knew the defendant denied the plaintiff's allegations and wished to defend the case. It was in that context that the Ninth Circuit promulgated the seven-factor test. And in that context, it made sense for the Ninth Circuit to conclude a district court should assess whether the plaintiff would suffer prejudice if default judgment was not entered. That is, the defendant in *Eitel* had made a delayed appearance in the case and the district court could look at the record and conduct a meaningful evaluation of the prejudice, if any, to the plaintiff caused by the defendant's delay. Because *Eitel* involved a defendant willing to participate, it was also reasonable for the Ninth Circuit to conclude the district court should assess the merits of the plaintiff's claim, the possibility of factual disputes, and whether the defendant's failure to timely respond to the complaint had been due to excusable neglect. But when no defendant ever appears and a plaintiff seeks default judgment, many of these factors appear irrelevant.

According to the first *Eitel* factor, a district court should determine the prejudice to the plaintiff that will result if default judgment is not entered. When no defendant has appeared, this prejudice inquiry will always be the same. That is, the plaintiff will be prejudiced because if default judgment is denied, plaintiff will be left without recourse for its claims.

The fifth *Eitel* factor requires a court consider "the possibility of a dispute concerning material facts." When no defendant has appeared, a court cannot conduct any sort of meaningful analysis on this point. There simply is no way for a court to assess if there will be disputes of fact. Similarly, the sixth *Eitel* factor requires a court to consider whether the defendant's failure to appear was due to excusable neglect. When no defendant has appeared, a court has no factual basis for assessing this factor. Finally, the seventh *Eitel* factor requires a court to consider "the strong policy . . . favoring decisions on the merits." As with the prejudice inquiry, the factor favoring resolution on the merits will be the same in every case where no defendant appears. Courts prefer to resolve cases on their merits, but it is not possible to do so when no defendant has indicated a willingness to

participate.

The only *Eitel* factors that appear relevant when no defendant appears are the factors directing the court to assess "the merits of plaintiff's substantive claim," "the sufficiency of the complaint," and "the sum of money at stake." But even these factors can be hard to apply when no defendant appears, albeit for reasons different than the others. If a court evaluates the complaint and determines it states a claim for relief, it is not clear what it means to also assess "the merits" of the alleged claim. It is difficult to imagine a situation where a complaint will state a claim for relief, but that claim is also meritless. In addition, it is not clear how the amount of money at stake should impact the analysis. Presumably this factor contemplates a court should be reluctant to enter default judgment when the amount sought is sufficiently large. But even if the amount is large, it is not clear how a court should proceed if it opts to deny default judgment.

Because most of the *Eitel* factors provide little meaningful guidance when no defendant appears, it is a needless formality to walk through those factors in such cases. Despite this, district courts routinely discuss all seven of the *Eitel* factors when no defendant appears, although courts sometimes admit most of the factors are the same in all such cases. *See, e.g.*, *Houweling Intell. Properties Inc. v. Mountain High Greenhouse Constr. LLC*, 2024 WL 1675476, at *3 (D. Ariz. 2024) (noting first, fifth, sixth, and seventh factors always weigh in favor of default judgment). In the present case, the Court lacks the necessary information to conduct a meaningful analysis of the first, fifth, sixth, and seventh factors. As in all cases like the present, those factors weigh in support of default judgment. The Court need only discuss the remaining *Eitel* factors.

The second and third factors require assessing the merit of Plaintiff's claim and the sufficiency of the complaint. These factors weigh in favor of entering default judgment. The complaint contains sufficient factual allegations establishing a claim for relief under the FLSA. The factual allegations show the FLSA applied to Plaintiff's employment and that Plaintiff worked more than 40 hours per week but was not paid overtime wages. *See Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 685 (9th Cir.

1997) (outlining when employers are subject to the FLSA). Plaintiff also submitted an affidavit explaining how he calculated his unpaid overtime wages. (Doc. 12-1). That affidavit explains Plaintiff's own pay records allowed him to calculate he was owed $5,705.35 in unpaid overtime wages. That affidavit is sufficient. And pursuant to the FLSA, Plaintiff is entitled to liquidated damages in the same amount.

The fourth factor regarding the amount in controversy supports entry of default judgment. Plaintiff was deprived of approximately five thousand dollars in wages and the FLSA allows for liquidated damages of the same amount. While the total of approximately $11,000 likely is a sizable amount to Plaintiff and Defendants, that amount is not so large as to establish a basis for refusing to enter default judgment.

Finally, the FLSA requires an award of attorneys' fees to a prevailing plaintiff. Here, Plaintiff's counsel filed a motion, supported by a declaration and billing records. Counsel's hourly rate is $405.27, and counsel devoted 10.7 hours to this case. That hourly rate is consistent with the hourly rate prevailing in the community for attorneys with the same amount of experience. And it was reasonable for counsel to devote 10.7 hours to the complaint, motion for default judgment, and motion for attorneys' fees. The full amount requested will be awarded.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 12) and Motion for Attorney Fees (Doc. 13) are **GRANTED**. The Clerk of Court shall enter judgment against Defendants in the amount of $15,747.09, calculated as $11,410.70 in unpaid wages and liquidated damages plus $4,336.39 in attorneys' fees. Defendants are jointly and severally liable for both amounts.

Dated this 14th day of May, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge